GARDEN, JUDGE:
The claimant was an inmate at the Huttonsville Correctional Center in August 1974. He was charged with escape, tried in the prison police court, and sentenced, to one extra year plus 14 days in isolation. The claimant was due for a parole hearing in September 1974, but because of the escape, he did not receive the hearing. In an order entered July 9, 1975, in the U.S. District Court for the Northern District of West Virginia, the respondent was required to expunge any reference to the escape from the claimant’s record, or hold a new hearing on the matter which complied with constitutional requirements. The matter was expunged. The claimant seeks $45,000.00 in damages for the extra time he served and for the failure to receive a parole board hearing in September 1974.
In its Answer, the respondent denies that it acted in bad faith or with malice or willful disregard for the claimant’s rights to due process, and therefore, the claimant is not entitled to damages.. The respondent further alleges that any claim for damages has been resolved by a court of record, and seeks dismissal under the principle of res judicata and collateral es-toppel.
The order entered by the U.S. District Court was in response to a civil action filed by the claimant entitled “Complaint *465 for Declaratory Judgment, Injunctive Relief and Damages.” The District Court action was filed against the then Director of the West Virginia Department of Corrections, Warden and Associate Warden of Huttonsville Correctional Center. This claim was also filed against those named individuals, but was amended at the hearing. It is apparent that those individuals were sued in District Court in their capacities as officials of the respondent. It appears from the Order entered by the U.S. District Court in the record in this claim that the damages sought herein were fully and sufficiently considered previously. The purpose of the doctrine of res judicata is to end controversy. Where it appears that parties to the controversy are the same, the doctrine makes the prior judgment an absolute bar to all questions which were or could have been litigated in the prior decision. The Court, therefore, dismisses the claim.
Claim dismissed.